**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNEESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| SHARON LORANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:07-00984 |
| | ) | |
| DAVOL, INC. | ) | |
| C.R. BARD, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS C.R. BARD, INC., AND DAVOL, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff's "Response in Opposition to Removal"[1] argues that the Court should remand this case because Plaintiffs seek only $74,000, which falls below the amount in controversy necessary to invoke federal jurisdiction. But the unspecified punitive damages and other relief sought in plaintiffs' complaint in addition to the $74,000 in compensatory damages sought, in addition to the serious nature of the claims and substantial relief sought in this and other cases seeking damages for the alleged failure of the Composix® Kugel® Hernia Patch, make clear that the amount-in-controversy is greater than $75,000. Consequently, Plaintiffs' motion for remand should be denied.

## BACKGROUND

On August 21, 2007, Plaintiff Sharon Lorance filed suit in the Circuit Court of Davidson County, State of Tennessee against C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"). Plaintiff claims Defendants are liable on the grounds of strict liability, negligence, and breach of warranty

[1] Plaintiff's request was styled as a "Response in Opposition to Removal"; as there is no such pleading, Defendants will treat it as a motion to remand.

for personal injuries arising from an allegedly defective Composix® Kugel® Hernia Patch manufactured by Davol. The patch was inserted into her abdomen during a surgical procedure to repair an incisional hernia. Plaintiff alleges that because of the patch, she has "endured pain and suffering and may continue to endure pain and suffering, has incurred medical expenses and may continue to incur medical expenses and has endured emotional trauma and will continue to suffer emotional trauma." (Compl. at ¶ 11.) In her prayer for relief, Plaintiff specifically requests an award of:

- Compensatory damages in an amount $74,000.00;
- Special, incidental, and punitive damages in an amount to be proven at trial;
- All costs of this action;
- Any and all other general and equitable relief to which Plaintiff is entitled and which justice may require.

(*See* Compl. at Prayer for Relief.)

Defendants timely removed the case on the grounds that the parties were completely diverse[2] and that, based on the allegations in the Complaint, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. (*See* Notice of Removal at ¶¶ 8, 11.)

Plaintiff filed a motion to remand in which she asserts that this case does not meet the amount-in-controversy requirement of 28 U.S.C. § 1332 because her Complaint seeks compensatory damages in the amount of $74,000. (*See* Pl.'s Resp. in Opp. To Removal ¶¶ 1-5.)

**STANDARDS OF REVIEW**

**A. The Removal Standard**

The removal statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

[2] Plaintiff does not challenge the assertion that this action is brought against completely diverse parties.

or interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). A defendant responding to a motion to remand bears the burden of establishing federal jurisdiction over a suit originally filed in state court. *See Rogers v. Wal-Mart Stores*, 230 F.3d 868, 871 (6th Cir. 2000).

**B. Burden of Proof**

The amount in controversy in this action can exceed the value stated in Plaintiff's Complaint. Rule 54.03 of the Tennessee Rules of Civil Procedure allows Plaintiff to receive an award greater than the amount prayed for in the complaint. *See Rogers v. Wal-Mart Stores*, 230 F. 3d at 871; *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993) (Tenn R. Civ. P. 54.03 may "enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy requirement but nevertheless seek and recover damages exceeding the amount prayed for.") So in situations where a plaintiff demands less than $75,000, the court grants removal if the defendant can show that it is "more likely than not" that a plaintiff's claims meet the amount in controversy requirement. *See Gafford*, 997 F.2d at 158.

To show it is "more likely than not" that plaintiff seeks more than $75,000, the Court looks at "damages sought by Plaintiff at the time of removal – i.e., the damages sought by Plaintiff's original complaint." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Events occurring after removal that lower the amount in controversy do not oust federal jurisdiction. *Rogers*, 230 F.3d at 872 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).

**C. Amount in Controversy**

To calculate the amount in controversy, the Sixth Circuit allows claims to be aggregated. *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990). This includes claims for

compensatory and punitive damages. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Specifically, punitive damages must be considered "unless it is apparent to a legal certainty that such cannot be recovered.") *See Hayes*, 266 F.3d at 572.[3]

**ARGUMENT**

**1. Plaintiff's separate request for punitive damages, special damages, incidental damages, and other equitable relief, when added to the $74,000 claim for compensatory damages, clearly establishes that the amount-in-controversy is more likely than not greater than $75,000.**

A straightforward review of Plaintiff's Complaint shows that her claims for compensatory damages, punitive damages, special damages, and other damages more likely than not exceed the jurisdictional threshold. Here, Plaintiff's request for *compensatory* damages alone asks for $74,000, just $1,000 less than the amount required for federal jurisdiction. Any plausible punitive damages award would bring the total recovery above $75,000, even if – as is not the case – the jury were constrained by the complaint to award no more than $74,000 in compensatory damages.

A plain reading of Complaint indicates that the amount in controversy in this matter exceeds $75,000. Plaintiff pleads for punitive damages and special damages "in an amount to be proven at trial." (Compl. at Prayer.) Having requested nearly the jurisdictional threshold in compensatory damages alone, Plaintiff created federal jurisdiction by also seeking punitive damages, special damages, and "other general and equitable relief" capable of pushing the amount in controversy above the jurisdictional threshold. *See Hollon v. Consumer Plumbing Recovery Center*, 417 F.Supp.2d 849, 853 (E.D. Ky. 2006) (denying remand when plaintiff

[3] Under Tennessee law, punitive damages are permitted against drug and device manufacturers. So if a plaintiff prevails on her strict liability of failure to warn claims and proves that Defendant's actions were intentional, fraudulent, malicious, or reckless, Plaintiff would be eligible for punitive damages. *See Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992).

requested less than $75,000 in compensatory but sought unspecified amount of punitive and other damages); *cf. Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 934 (W.D. Tenn. 2004) (holding that the plaintiff who asked for "all incidental, consequential, compensatory, and punitive damages" pleaded above the jurisdictional amount even though he disavowed damages in excess of $75,000); *Arnold v. Falcon Products, Inc.*, 738 F. Supp. 379, 379 (W.D. Tenn. 1990) (holding that an unpleaded but asserted and sworn claim for punitive damages in addition to claim for $45,000 in compensatory damages satisfied the $50,000 amount in controversy necessary for court's subject matter jurisdiction).

**2. The seriousness of Plaintiff's claims in this lawsuit and other similar cases involving the Composix® Kugel® Hernia Patch point to an amount in controversy greater than 75,000.**

*Plaintiff's Lawsuit*

Although Plaintiff now attempts to downplay her allegations in order to avoid federal jurisdiction, around he amount-in-controversy requirement is met here because the severity of the injuries alleged in Plaintiffs' Complaint, in combination with Plaintiffs' compensatory and punitive damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Plaintiff's claims against Defendant sound in products liability and seek recovery for serious bodily and emotional injuries allegedly caused by the Composix® Kugel® Hernia Patch.[4] Plaintiff complains of a broad array of damages, including pain and suffering, medical expenses, and present and future emotional trauma. (*See* Compl. at ¶11.) These types of damages have been deemed sufficient by courts in satisfying the amount in controversy prong to 28 U.S.C. §

[4] Defendants deny liability and believe that plaintiff is entitled no damages. The Sixth Circuit has held that defendants are not required to "research, state and prove the plaintiff's claim for damages" against themselves. *Gafford*, 997 F.2d at 159. Instead, Defendants argue what Plaintiff believes is at stake in this case.

1332. *See, e.g., In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (finding plaintiff's claims for similar injuries "[to] satisf[y] the 'facially apparent' standard."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. Such allegations support a … monetary basis to confer removal jurisdiction....").

*Other Composix® Kugel® Patch Litigation*

In determining the amount in controversy, courts have looked at other suits involving the same product to resolve the amount-in-controversy inquiry. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F.Supp. 2d 272, 295-296 (S.D.N.Y. 2001). Over 200 cases have been filed throughout the United States in the last two years alleging personal injuries caused from the supposed failure of the Composix® Kugel® Hernia Patch. In many of these cases, plaintiffs have filed suit in federal court, thus expressly pleading an amount-in-controversy in excess of the Court's jurisdictional requirement. *See, e.g., Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (E.D. Tex.) (Ex. A). Just in pending personal injury cases filed in Tennessee related to the alleged failure of the Composix® Kugel® Patch, plaintiffs have asked **from $300,000** on the low end, *see e.g., Luffman v. C.R. Bard, Inc.*, No. 3:07-cv-00243 (M.D. Tenn.) (Ex. B), *Burleson v. C.R. Bard, Inc.*, No. 3:07-cv-00643 (M.D. Tenn.) (Ex. C), *Horton v. C.R. Bard*, No.3:07-cv-00636 (M.D. Tenn.) (Ex. D), **to $1,000,000**. *See e.g., Kolb v. C.R. Bard, Inc.*, No. 3:07-cv-00482 (M.D. Tenn.) (Ex. E) (Emphasis Added).

**3. Because jurisdiction is decided at the time of removal, Plaintiff's letter to defense counsel offering $70,000 to settle is irrelevant.**

As evidence of her intention to seek less than $75,000, Plaintiff attached a copy of a letter she sent to defense counsel offer to settle the case for $70,000. That letter is irrelevant for three reasons.

First, the plain text of Federal Rule of Evidence 408 renders such communications inadmissible for this purpose. *See* Fed. R. Evid. 408 (evidence of settlement discussions is not admissible to prove the amount of a claim); *King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 217 n.1 (S.D. Ind. 1996) (quoting Rule 408 and questioning admissibility of settlement discussions to prove amount in controversy for purposes of removal).[5]

Second, settlement offers are "not probative of the true amount because litigants often settle claims for less than the amount in controversy." *Hollon*, 417 F. Supp. 2d at 854 (citing *Stephens v. Mitsibushi Elec. Auto. Am. Inc.*, 2002 WL 551033, *2 (E.D. Mich. 2002) (determining that "[p]laintiff's settlement offers, falling just a shade below the $75,000 jurisdictional threshold, tend to suggest that the amount in controversy actually exceeds this threshold.").

Third, even if a settlement offer was treated similar to a stipulation, the settlement offer would still be nothing more than a post-removal attempt to reduce the amount in controversy, a

[5] Bard acknowledges that courts outside the Sixth Circuit have reached a different conclusion. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 & n.3 (9th Cir. 2002) (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997)); *Archer v. Kelly*, 271 F.Supp. 2d 1320, 1323 (N.D. Okla. 2003); *see also Vermande v. Hyundai Motor Am., Inc.*, 352 Fu. Supp. 2d 195, 201-02 (D. Conn. 2004) (acknowledging that Rule 408 "might be read to bar a court from consulting a settlement letter for purposes of determining the amount in controversy," but nonetheless follows Cohn and Archer). Most of these decisions involve defendants seeking to use settlement proposals to establish that the amount in controversy exceeds $75,000. Here, it is the Plaintiff who desires to use her own verbal settlement demand, the terms of which are unclear, to defeat federal jurisdiction. Absent controlling Sixth Circuit authority, the Court should apply the plain language of Rule 408 and should refuse to consider evidence of settlement discussions when determining the amount in controversy in this case.

ploy the Sixth Circuit has rejected. *See Rogers*, 230 F.3d at 872. In *Rogers*, the Sixth Circuit held that a post-removal stipulation or affidavit purporting to reduce the amount in controversy below the jurisdictional limit should not be considered when deciding on a motion to remand. *See* 230 F.3d at 872. Here, the settlement proposal was made after removal. The notice of removal was filed with this Court on October 1. (*See* Notice of Removal.) The settlement offer the plaintiff sent defense counsel was dated October 9. (*See* Letter attached to Pl.'s Resp. in Opp. To Removal.) Therefore, the settlement offer is irrelevant as evidence of the amount-in-controversy.

**CONCLUSION**

For all the reasons stated, Defendants C.R. Bard, Inc., and Davol Inc., request that Plaintiff's Motion to Remand be denied.

Dated: October 30, 2007

Respectfully submitted,

s/Melissa Loney Stevens

Melissa Loney Stevens (BPR No. 023036)
Andrew Colocotronis (BPR No. 017052)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
2200 Riverview Tower
900 South Gay Street
PO Box 1792
Knoxville, TN 37902
(865) 549-7000
(865) 525-8569 (fax)

*ATTORNEYS FOR DEFENDANTS DAVOL, INC. AND C.R. BARD, INC.*

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2007, the forgoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the electronic filing system.

Aubrey T. Givens
Stephanie Simmons
501 Union Street, Suite 307
Nashville, Tennessee

This 30st day of October, 2007.

s/Melissa Loney Stevens
Attorney